IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

LAKESHA RUFFIN,

  Plaintiff,

   v.        CIVIL NO.: WDQ-13-2744

LOCKHEED MARTIN CORPORATION,

  Defendant.

\* \* \* \* \* \*  \* \* \* \* \* \*

MEMORANDUM OPINION

Lakesha Ruffin, *pro se*, sued Lockheed Martin Corporation ("Lockheed") for employment discrimination in the Circuit Court for Howard County. Lockheed removed to this Court. Pending are Lockheed's motion to dismiss for lack of jurisdiction (ECF No. 8), Ruffin's motion for an extension of time to oppose the motion to dismiss and to remand (ECF No. 12), and Lockheed's and Ruffin's motions for leave to file surreplies (ECF Nos. 16, 21). No hearing is necessary. Local Rule 105.6 (D. Md. 2011). For the following reasons, Ruffin's motion for an extension and to remand will be granted in part and denied in part, Lockheed's motion to dismiss will be granted, and the motions for leave to file surreplies will be granted.

I.   Background[1]

In April 2008, Ruffin, an African-American female, was hired by Lockheed as a Senior Systems Engineer. *See* ECF No. 2 ¶¶ 5, 41. During her tenure at Lockheed, Ruffin reported to Andrew Westdorp and Jill Andres who are white. *Id*. ¶ 9.

In September 2008, "Ruffin was accosted by a co-worker, Nandita Kanjurith." *Id*. ¶ 13. Kanjurith shouted at her and made "physical movements of harm toward[] her." *Id*. She told Ruffin that Ruffin was a "loser," that "no one like[d]" her, and that she was a "waste of space." *Id*. After investigating the incident, Andres moved Kanjurith to a different office. *Id*. ¶ 14.

In October 2008, Steve McMahon, "Ruffin's Teamlead," complained to Andres about Ruffin's absences. *Id*. ¶ 15. As a result, on October 21, 2008, Ruffin was placed on a "Performance Improvement Plan (PIP)." *Id*. ¶¶ 10, 15. The attendance issues were caused by Ruffin's three hour commute (each way) from her

---

[1] The facts are taken from the complaint, the parties' motions and briefs, and their accompanying exhibits. ECF Nos. 2, 8, 12, 14-18, 21. For a motion to dismiss for lack of subject matter jurisdiction, the court may look "beyond the pleadings" to the submitted evidence to determine if jurisdiction exists. *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) *aff'd*, 85 F. App'x 960 (4th Cir. 2004). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (internal quotations and citations omitted)).

home on the Eastern Shore.  *Id.* ¶ 10.  Ruffin was given only 30 days to move closer to her work, after which she moved to Columbia, Maryland.  *Id.* ¶ 11.  The move "ultimately required [her] to pay rent and a mortgage on the home on the Eastern Shore," which "eventually forced her into foreclosure."  *Id.* After Ruffin moved, her attendance improved; she was taken off the PIP in March 2009.  *Id.* ¶ 12.

During her 2008 annual performance review, Andres told Ruffin that she "sometimes comes across harshly to others," but did not substantiate this statement with "specific incidents, dates, and times."  *Id.* ¶ 19.  Andres gave Ruffin an overall performance rating of "basic;" a rating one level above unsatisfactory but still within the "satisfactory" performance range.  *Id.* ¶ 18.

After Ruffin was taken off the PIP, she complained that her co-workers were creating a "hostile work environment" and "sabotaging" her work.  *Id.* ¶ 16.  In April 2009, she reported that she was receiving "strange telephone calls" at her home when she left for work and when she returned home.  *Id.* ¶ 20. She believed that her co-workers were making the calls.  *Id.* Ruffin's car was "keyed" in the Lockheed parking lot.  *Id.* ¶ 17.

During her 2009 annual performance review, Andres "rated Ruffin a successful contributor," but told her that she needed "to work on her people skills."  *Id.* ¶ 22.

3

In February 2010, Ruffin told Andres that her "workspace was tampered with"--her light was turned off, her files moved, and her papers thrown around her desk--while was in the restroom after her arrival at work.  *Id.* ¶ 20.  Andres told Ruffin that "it was probably the cleaning crew."  *Id.*  Ruffin also claimed that Michael Buadoo, an African-American employee, tampered with her thumb drive.  *Id.* ¶ 26.  Her claim was investigated, but "nothing was found" to support it.  *Id.*  Ruffin also made other accusations against her co-workers around this time, but Andres "told her to try to address work related conflicts directly." *Id.* ¶ 23.

"On April 5, 2010, Ruffin initiated a short-term disability leave" until June 21, 2010.  *Id.* ¶ 24.  On July 1, 2010, after she returned to work, she became ill and was on sick leave until July 12, 2010.  *Id.* ¶ 25.  On July 13, 2010, Ruffin initiated a second short-term disability leave until September 27, 2010. *Id.* ¶ 27.  While she was on leave, Andres "filed an internal complaint against Ruffin for disrupting the workplace with accusations against other co-workers."  *Id.* ¶ 28.

In October 2010, Ruffin complained to the Ethics Department at Lockheed that Buadoo "exposed his chest and made inappropriate body movements towards her," but the Department

4

"found no harassment."[2]  *Id.* ¶ 44.    On October 4, 2010, Andres gave Ruffin an "Employee Performance Notification," which "addressed" Ruffin's complaint about another co-worker attending a meeting that Ruffin believed she should not attend and "Ruffin hanging up on a telephone call with a program manager while" she was out on leave.  *Id.* ¶ 30.  Ruffin "refused to acknowledge the EPN."  *Id.* ¶ 31.  On October 21, 2010, she requested "a reduced workload due to stress."  *Id.* ¶ 34.  On November, 2, 2010, she initiated another medical leave.  *Id.* ¶ 35.

On November 12, 2010, Andres suspended Ruffin for two weeks "for unprofessional tone, tardiness, missed . . . deadlines[,] and disruptions to the work environment."  *Id.* ¶ 36.  During Ruffin's suspension, a customer complained about her.  *Id.* ¶ 37. On December 9, 2010, Andres terminated Ruffin's employment because of "on-going performance issues, customer concerns, and her accusations against other workers."  *Id.* ¶ 38.  When Ruffin was terminated, she was on long-term disability leave "approved by Cigna" until June 2011.  *Id.* ¶¶ 39, 55.

On July 6, 2011, Ruffin filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC").  ECF No. 8-2.  On February 21, 2012--while the EEOC investigation was pending--Ruffin filed a Chapter 7 bankruptcy petition in the

---

[2] Buadoo also told Ruffin that she looked "like a piece of candy."  ECF No. 2 ¶ 46.

Bankruptcy Court for the District of Maryland.  *See* ECF No. 8-3.
In her bankruptcy petition, Ruffin was directed to "[l]ist all
suits and administrative proceedings to which the debtor is or
was a party within one year immediately preceding the filing of
this bankruptcy case."  ECF No. 8-3 at 35.  Although Ruffin
listed three lawsuits to which she was a party, she did not list
the EEOC charge.[3]  *See id*.  On May 31, 2012, the bankruptcy court
granted Ruffin a discharge.  ECF No. 8-4.  In December 2012, the
bankruptcy case closed.  ECF Nos. 8-1 at 2, 17-1 at 3.  In March
2013, Ruffin received a right to sue letter from the EEOC.  ECF
No. 17-1 at 3.

On June 14, 2013, Ruffin sued Lockheed in the Circuit Court
for Howard County, asserting claims of: (1) racial
discrimination; (2) sexual harassment; (3) hostile work
environment; and (4) violation of the Americans with
Disabilities Act of 1990, as amended ("ADA").[4]  ECF No. 2.  On
August 19, 2013, Lockheed was served with Ruffin's complaint.
ECF No. 10.  On September 17, 2013, Lockheed removed to this
Court.  ECF No. 1.  On September 24, 2013, Lockheed moved to
dismiss for lack of subject matter jurisdiction.  ECF No. 8.

---

[3] Ruffin was represented by counsel in her bankruptcy but did not
inform him of the EEOC charge.  ECF No. 17-1 at 2.

[4] 42 U.S.C. § 12101 *et seq*.  Ruffin did not specify the statutes
under which she brings her other discrimination claims.

On October 4, 2013, Ruffin moved for an extension of time to respond to Lockheed's motion and requested remand to the Circuit Court. ECF No. 12. On October 17, 2013, Lockheed opposed remand but consented to the extension. ECF No. 14. On October 28, 2013, Ruffin replied to Lockheed's opposition. ECF No. 15. On November 4, 2013, Lockheed moved, unopposed, for leave to file a surreply. ECF No. 16.

On November 15, 2013, Ruffin opposed Lockheed's motion to dismiss. ECF No. 17. On December 4, 2013, Lockheed replied. ECF No. 18. On February 26, 2014, Ruffin moved, unopposed, for leave to file a surreply. ECF No. 21.

II.  Analysis

A. Surreplies

Unless otherwise ordered by the Court, a party may not file a surreply. Local Rule 105.2(a) (D. Md. 2012). "Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Khoury,* 268 F. Supp. 2d at 605. Surreplies are not appropriate when the arguments made in the reply brief "are merely responses to new arguments made . . . in [the] response." *EEOC v. Freeman*, 961 F. Supp. 2d 783, 801 (D. Md. 2013) (internal quotation marks omitted).

### 1. Lockheed's Surreply

In Ruffin's motion for an extension of time to respond to Lockheed's motion to dismiss, she requests remand because she did not receive the notice of removal at her "address of record" with the Circuit Court.  ECF No. 12 at 3.  In her reply to Lockheed's opposition, however, she argues for remand because the Circuit Court is the more appropriate forum for her claims.  *See* ECF No. 15 at 1-2.  Because this argument is raised for the first time in her reply--and Lockheed's proposed surreply is responsive to this argument--Lockheed's motion for leave to file a surreply will be granted.  *See* ECF No. 16-2; *Khoury*, 268 F. Supp. 2d at 605.

### 2. Ruffin's Surreply

Ruffin's proposed surreply gives the court additional information about the progress of her bankruptcy case after she filed her response to Lockheed's motion to dismiss.  *See* ECF No. 21 at 3.  Because this information was unavailable when Ruffin filed her previous brief, and Ruffin's *pro se* filings are entitled to liberal construction,[5] the Court will grant her motion and consider her surreply.

### B. Motion to Remand

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States

---

[5] *See Erickson*, 551 U.S. at 94.

have original jurisdiction, may be removed by the defendant . .
. to the district court of the United States for the district
and division embracing where such action is pending." Because
removal raises "significant federalism concerns," the removal
statutes must be strictly construed, and all doubts must be
resolved in favor of remanding the case to state court. *Md.
Stadium Auth. v. Ellerbe Becket, Inc.,* 407 F.3d 255, 260 (4th
Cir. 2005). The removing party has the burden of proving
subject matter jurisdiction by a preponderance of the evidence.
*Id.*; *Johnson v. Nutrex Research, Inc.,* 429 F. Supp. 2d 723, 726
(D. Md. 2006).

A defendant may only remove state court actions that
"originally could have been filed in federal court."
*Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S. Ct.
2425, 96 L. Ed. 2d 318 (1987). The district courts have
original jurisdiction over all civil actions arising under "the
Constitution, laws, or treaties of the United States." 28
U.S.C. § 1331. "[T]he question of whether a claim arises under
federal law begins with a look at 'the face of the plaintiff's
properly pleaded complaint.'" *Verizon Maryland, Inc. v. Global
NAPS, Inc.,* 377 F.3d 355, 363 (4th Cir. 2004) (*quoting
Caterpillar,* 482 U.S. at 392).

In her complaint, Ruffin asserts a claim under the ADA,
which is a federal statute. ECF No. 2 at 9. Accordingly,

9

because "federal law creates the cause of action," the claim
"arises under" federal law.  *Verizon*, 377 F.3d at 362 (*quoting*
*Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.
Ct. 3229, 3232, 92 L. Ed. 2d 650 (1986) (internal quotations
omitted)).

   Supplemental jurisdiction exists over "all other claims
that are so related to claims in the action within such original
jurisdiction that they form part of the same case or
controversy."  28 U.S.C. § 1367(a).[6]  Claims are part of the same
case or controversy as a federal claim if they stem from a
"common nucleus of operative facts."  *Rosmer v. Pfizer Inc.*, 263
F.3d 110, 116 (4th Cir. 2001) (*citing United Mine Workers of Am.
v. Gibbs*, 383 U.S. 715, 725, 86 S. Ct. 1130, 16 L. Ed. 2d 218
(1966)).  Generally, only a "loose factual connection between
the claims" is required for claims to arise from a common
nucleus of operative facts.  *Posey v. Calvert Cnty. Bd. of
Educ.*, 262 F. Supp. 2d 598, 600 (D. Md. 2003) (internal
quotations omitted).

   In her complaint, Ruffin has not specified the statutes
under which she brings her non-ADA claims.  *See* ECF No. 2 at 7-
9.  Even if she asserts these claims under state--rather than

---

[6] A court may decline supplemental jurisdiction when (1) a claim
raises a complex or novel state law issue, (2) the state claim
substantially predominates, (3) all claims over which the court
had original jurisdiction are dismissed, or (4) there are
exceptional circumstances.  28 U.S.C. § 1367(c).

federal--employment discrimination law, however, the Court has supplemental jurisdiction over them.  Ruffin's ADA claim arises from her allegedly discriminatory termination while she was on disability leave, and her other claims arise from allegedly discriminatory actions by fellow Lockheed employees.  *See id.* However, the reasons allegedly given to Ruffin by her employer for her termination relate to incidents that form the basis of her non-ADA discrimination claims.  *See id.* at 7.  This is a sufficient "factual connection" to establish supplemental jurisdiction over any state claims.[7]  *See, e.g., Frye v. Pioneer Logging Mach., Inc.*, 555 F. Supp. 730, 732 (D.S.C. 1983) ("Only when the state law claim is totally different from the federal claim is there no power to hear the state claim.") (*citing* Charles A. Wright, Arthur R. Miller, et al., Supplemental Jurisdiction—Background and Overview of 28 U.S.C.A. § 1367, 13D Fed. Prac. & Proc. Juris. § 3567 (3d ed.)).

---

[7] Ruffin argues that the case should be remanded regardless of this Court's jurisdiction over her claims, because the state court is competent to hear the case, and she believes it is a better forum for her claims.  *See* ECF No. 15 at 1-2.  Although Ruffin has the right to file her claim in the forum of her choice, Lockheed also has the right to remove when, as here, federal courts have original jurisdiction.  *Cf. Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186, 27 S. Ct. 184, 188, 51 L. Ed. 430 (1907) ("[T]he Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction.").

Ruffin argues, however, that the case should be remanded because she was not served with the notice of removal at her "address of record" with the Circuit Court, which was listed on the complaint's summons. *See* ECF Nos. 12 at 2, 12-1 at 2. Instead, Lockheed mailed notice to the address Ruffin listed on her complaint.[8]  ECF No. 14 at 1.

To "effect the removal," 28 U.S.C. § 1446(d) requires the defendant to give written notice [of removal] to all adverse parties and [to] file a copy of the notice with the clerk of such State court."  It appears that Lockheed mailed the written notice of removal to Ruffin's former address, despite receiving notice on the summons that Ruffin had moved. *See* ECF Nos. 12 at 2, 14 at 1.  However, when "defendants make a good faith effort to give notice, and [when] plaintiffs suffer no prejudice as a result of the failure of that attempt, . . . the requirements of section 1446(d) are sufficiently fulfilled to effect removal." *Arnold v. CSX Hotels, Inc.*, 212 F. Supp. 2d 634, 637 (S.D.W. Va. 2002) *aff'd*, 112 F. App'x 890 (4th Cir. 2004) (*quoting L & O P'ship No. 2 v. Aetna Cas. & Sur. Co.*, 761 F. Supp. 549, 552 (N.D. Ill. 1991)) (internal quotations omitted).

Here, there is no indication that Lockheed did not make a good faith effort to give Ruffin notice of the case's removal,

---

[8] Ruffin does not assert that Lockheed's filing of the notice of removal was untimely, or otherwise procedurally defective, under 28 U.S.C. § 1446(b).

as notice was mailed to Ruffin at the address listed on her complaint. *See* ECF No. 14 at 1. There is no apparent prejudice--Ruffin filed a motion 17 days after Lockheed removed, indicating that she had actual notice of removal soon after it occurred. *See Arnold*, 212 F. Supp. 2d at 637 (finding no prejudice when, *inter alia*, "Plaintiffs received actual notice of the removal one week after the removal petition was filed"). Lockheed consented to her request for an extension of time to oppose its motion to dismiss, *see* ECF No. 14 at 1, and the Court will grant the extension. Accordingly, Lockheed's apparent mailing of the notice of removal to the wrong address is not a basis for remand. Because removal was proper, Ruffin's motion to remand will be denied.

C. Motion to Dismiss

1. Legal Standard

Under Federal Rules of Civil Procedure 12(b)(1) and 12(h), the Court must dismiss an action if it discovers it lacks subject matter jurisdiction. The plaintiff has the burden of proving the Court has jurisdiction, and the Court must make all reasonable inferences in the plaintiff's favor. *Khoury*, 268 F. Supp. 2d at 606. The Court may examine evidence "beyond the pleadings" to decide whether it has subject matter jurisdiction, without converting the proceeding to one for summary judgment, but it must presume that the factual allegations in the

13

complaint are true.  *See id.*; *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999).  "A motion to dismiss for lack of standing attacks the district court's subject matter jurisdiction."  *Robertson v. Flowers Baking Co. of Lynchburg, LLC*, 6:11-CV-00013, 2012 WL 830097, at *1 (W.D. Va. Mar. 6, 2012) *aff'd,* 474 F. App'x 242 (4th Cir. 2012); *White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 459 (4th Cir. 2005).

### 2. Effect of Bankruptcy Filing

Lockheed argues that the Court lacks jurisdiction over Ruffin's claims, because only the bankruptcy trustee has standing to bring her claims, and Ruffin failed to disclose the EEOC investigation in her bankruptcy petition.  *See* ECF No. 8-1 at 5-7.  In response, Ruffin concedes that she should have disclosed the EEOC investigation but was not aware of her disclosure obligation when she filed her petition.  *See* ECF No. 17-1 at 2-3.  She states that she has received permission from the bankruptcy court to amend her petition to add the EEOC filing.  ECF No. 21 at 1.  She requests that the Court not dismiss this case to give the trustee an opportunity to substitute himself as plaintiff if he chooses.  ECF No. 17-1 at 5.

When a petition for bankruptcy is filed, the bankruptcy estate includes "all legal or equitable interests of the debtor

Case 1:13-cv-02744-WDQ   Document 22   Filed 05/15/14   Page 15 of 17

in property." *See* 11 U.S.C. § 541(a)(1). Such "property" includes intangible assets, such as the debtor's legal causes of action. *See In re Bogdan*, 414 F.3d 507, 512 (4th Cir. 2005). Accordingly, an EEOC charge, and the underlying facts of the discrimination claim, are intangible assets that must be disclosed to the bankruptcy court in the bankruptcy petition. *See Robertson*, 2012 WL 830097, at *3; *Vanderheyden v. Peninsula Airport Comm'n*, 4:12CV46, 2013 WL 30065, at *8 (E.D. Va. Jan. 2, 2013). In Chapter 7 cases, only the bankruptcy trustee--as representative of the bankruptcy estate--may pursue causes of action that belong to the bankruptcy estate, even when those causes of action were not disclosed to the bankruptcy court. *See Nat'l Am. Ins. Co. v. Ruppert Landscaping Co., Inc.*, 187 F.3d 439, 441 (4th Cir. 1999); *Harris v. hhgregg, Inc.*, 1:11CV813, 2013 WL 1331166, at *5 (M.D.N.C. Mar. 29, 2013).[9] When a bankruptcy petition is filed, "the debtor surrenders the right to control the estate, including existing or potential legal claims, to the bankruptcy trustee." *Robertson*, 2012 WL 830097, at *4 (*citing* 11 U.S.C. §§ 323(a), 701; *In re Richman*, 117 F.3d 1414, at *1 (4th Cir. 1997)).

---

[9] *See also Royal v. R & L Carriers Shared Servs., L.L.C.*, 3:12-CV-00714, 2013 WL 1736658, at *3 (E.D. Va. Apr. 22, 2013) (noting that Chapter 13 debtors, unlike Chapter 7 debtors, retain standing to sue on their pre-petition causes of action).

15

Ruffin failed to disclose her EEOC charge--which she filed before filing for bankruptcy--on her bankruptcy petition.  *See* ECF Nos. 8-2, 8-3 at 35.  Despite Ruffin's non-disclosure, because the discrimination charge is an asset of her bankruptcy estate, only the Trustee has standing to assert Ruffin's discrimination claims.  *See, e.g.*, *Robertson*, 2012 WL 830097, at *4.  Accordingly, as Ruffin lacks standing to pursue her claims, her complaint must be dismissed for lack of subject matter jurisdiction.[10]  *See, e.g.*, *id.*; *Harris*, 2013 WL 1331166, at *6.

III. Conclusion

For the reasons stated above, the plaintiff's motion for an extension of time and to remand will be granted in part and

---

[10] Ruffin requests that the Court delay ruling on the motion to dismiss until the trustee has had an opportunity to intervene in this action.  ECF No. 17-1 at 5.  Under Federal Rule of Civil Procedure 17(a)(3), "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."  On November 7, 2013, the bankruptcy court reopened Ruffin's bankruptcy case and ordered her to make the necessary amendments to her petition within 30 days.  ECF No. 17-2.  Because more than five months have passed since Ruffin was ordered to make amendments--and the trustee has not moved to intervene or otherwise informed the Court if it will intervene--dismissal is appropriate.  *See* Wright & Miller, Dismissal and Relation Back, 6A Fed. Prac. & Proc. Civ. § 1555 (3d ed.) ("What constitutes a reasonable time is a matter of judicial discretion and will depend upon the facts of each case.").

Because the Court concludes that it lacks jurisdiction, it will not address Lockheed's alternative argument that Ruffin is judicially estopped from asserting her claims.  *See, e.g.*, *Harris*, 2013 WL 1331166, at *6.

denied in part, the defendant's motion to dismiss will be granted, and the parties' motions for leave to file a surreply will be granted.


_5/15/14_
Date

William D. Quarles, Jr.
United States District Judge

17