IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

<table>
<tr><td>LAKESHA RUFFIN,</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>Plaintiff,</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>v.</td><td>*</td><td>CIVIL NO.: WDQ-13-2744</td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>LOCKHEED MARTIN CORPORATION,</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>Defendant.</td><td>*</td><td></td></tr>
</table>

*   *   *   *   *   *       *   *   *   *   *   *

MEMORANDUM OPINION

Lakesha Ruffin, *pro se*, sued Lockheed Martin Corporation ("Lockheed") for employment discrimination. ECF No. 2. Pending is Ruffin's motion for reconsideration. ECF No. 25. No hearing is necessary. Local Rule 105.6 (D. Md. 2014). For the following reasons, Ruffin's motion will be granted.

I.   Background

In April 2008, Ruffin, an African-American female, was hired by Lockheed as a Senior Systems Engineer. *See* ECF No. 2 ¶¶ 5, 41. During her tenure at Lockheed, Ruffin reported to Andrew Westdorp and Jill Andres, who are white. *Id.* ¶ 9.

In October 2008, Steve McMahon, "Ruffin's Teamlead," complained to Andres about Ruffin's absences. *Id.* ¶ 15. As a result, on October 21, 2008, Ruffin was placed on a "Performance Improvement Plan (PIP)." *Id.* ¶¶ 10, 15. The attendance issues were caused by Ruffin's three hour commute (each way) from her

home on the Eastern Shore.  *Id.* ¶ 10.  Ruffin was given 30 days
to move closer to her work, after which she moved to Columbia,
Maryland.  *Id.* ¶ 11.  The move "ultimately required [her] to
pay rent and a mortgage on the home on the Eastern Shore," which
"eventually forced her into foreclosure."  *Id.*  After Ruffin
moved, her attendance improved; in March 2009, she was taken off
the PIP.  *Id.* ¶ 12.

    During her 2008 annual performance review, Andres told
Ruffin that she "sometimes comes across harshly to others," but
did not substantiate this statement.  *Id.* ¶ 19.  Andres gave
Ruffin an overall performance rating of "basic."  *Id.* ¶ 18.[1]

    After Ruffin was taken off the PIP, she complained that her
co-workers were creating a "hostile work environment" and
"sabotaging" her work.  *Id.* ¶ 16.  In April 2009, she reported
that she was receiving "strange telephone calls" at her home.
*Id.* ¶ 20.  She believed that her co-workers were making the
calls.  *Id.*  Ruffin's car was "keyed" in the Lockheed parking
lot.  *Id.* ¶ 17.

    During her 2009 annual performance review, Andres "rated
Ruffin a successful contributor," but told her that she needed
"to work on her people skills."  *Id.* ¶ 22.

---

[1] "Basic" is "one level above unsatisfactory but still within the
satisfactory range."  ECF No. 2 ¶ 18.

2

In February 2010, Ruffin told Andres that her "workspace was tampered with" while she was in the restroom.  *Id.* ¶ 20. Ruffin also claimed that Michael Buadoo, an African-American employee, had tampered with her thumb drive.  *Id.* ¶ 26.  Ruffin also made other accusations against co-workers around this time, but Andres "told her to try to address work related conflicts directly."  *Id.* ¶ 23.

On April 5, 2010, Ruffin initiated short-term disability leave until June 21, 2010.  *Id.* ¶ 24.  On July 13, 2010, Ruffin initiated a second short-term disability leave until September 27, 2010.  *Id.* ¶ 27.  When she was on leave, Andres "filed an internal complaint against Ruffin for disrupting the workplace with accusations against other co-workers."  *Id.* ¶ 28.

In October 2010, Ruffin complained to the Ethics Department at Lockheed that Buadoo "exposed his chest and made inappropriate body movements towards her," but the Department "found no harassment."[2]  *Id.* ¶ 44.   On October 4, 2010, Andres gave Ruffin an "Employee Performance Notification," which "addressed" Ruffin's complaint about another co-worker attending a meeting that Ruffin believed she should not attend and "Ruffin hanging up on a telephone call with a program manager" when she was on leave.  *Id.* ¶ 30.  Ruffin "refused to acknowledge the

---

[2] Buadoo also told Ruffin that she looked "like a piece of candy."  *Id.* ¶ 46.

EPN." *Id.* ¶ 31.  On October 21, 2010, she requested "a reduced workload due to stress." *Id.* ¶ 34.  On November, 2, 2010, she initiated another medical leave. *Id.* ¶ 35.

On November 12, 2010, Andres suspended Ruffin for two weeks "for unprofessional tone, tardiness, missed . . . deadlines[,] and disruptions to the work environment." *Id.* ¶ 36.  During Ruffin's suspension, a customer complained about her. *Id.* ¶ 37. On December 9, 2010, Andres terminated Ruffin's employment because of "on-going performance issues, customer concerns, and her accusations against other workers." *Id.* ¶ 38.  When Ruffin was terminated, she was on long-term disability leave "approved by Cigna" until June 2011. *Id.* ¶¶ 39, 55.

On July 6, 2011, Ruffin filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC").  ECF No. 8-2.  On February 21, 2012--while the EEOC investigation was pending--Ruffin filed a Chapter 7 bankruptcy petition in the Bankruptcy Court for the District of Maryland. *See* ECF No. 8-3. In her bankruptcy petition, Ruffin was directed to "[l]ist all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case." ECF No. 8-3 at 35.  Although Ruffin listed three lawsuits to which she was a party, she did not list

the EEOC charge.  *See id*.  On May 31, 2012,[3] the bankruptcy court
granted Ruffin a discharge.  ECF No. 8-4.  In December 2012, the
bankruptcy case closed.  ECF Nos. 8-1 at 2, 17-1 at 3.  In March
2013, Ruffin received a right to sue letter from the EEOC.  ECF
No. 17-1 at 3.

On June 14, 2013, Ruffin sued Lockheed in the Circuit Court
for Howard County, asserting claims of: (1) racial
discrimination; (2) sexual harassment; (3) hostile work
environment; and (4) violation of the Americans with
Disabilities Act of 1990, as amended ("ADA").[4]  ECF No. 2.  On
September 17, 2013, Lockheed removed the case to this Court.
ECF No. 1.  On September 24, 2013, Lockheed moved to dismiss for
lack of subject matter jurisdiction.  ECF No. 8.

On November 7, 2013, Ruffin moved to reopen bankruptcy
proceedings to amend her bankruptcy papers to include the suit
against Lockheed.  ECF Nos. 25-1 at 5; 25-5 at 2.  On November
15, 2013, Ruffin opposed Lockheed's motion to dismiss.  ECF No.
21.  To show the Court that she "was actively pursuing the
reopening of her bankruptcy case," Ruffin attached the "proposed

---

[3] Ruffin was represented by counsel in her bankruptcy but did not
inform him of the EEOC charge.  ECF No. 17-1 at 2.  Ruffin
stated that she "did not think the EEOC Charge qualified as an
'administrative proceeding' for purposes of bankruptcy," but was
merely an "investigation."  ECF No. 21-1 at 3.

[4] 42 U.S.C. § 12101 *et seq.*  Ruffin did not specify the statutes
under which she brings her other discrimination claims.

order" she had filed in her motion to reopen bankruptcy proceedings.  ECF Nos. 17-2; 25-5 at 3.

On December 2, 2013, the Bankruptcy Court granted Ruffin's motion.  ECF No. 25-2 at 2.  However, the Bankruptcy Court's Order differed from Ruffin's proposed order.  *See id.*  It did not incorporate Ruffin's proposal that all "necessary amended schedules and statements disclosing all previously unscheduled assets of the estate" be filed within 30 days.  *See id.*; ECF No. 17-2.[5]

On December 3, 2013, Mark J. Friedman, Esq., was reappointed as Ruffin's trustee.  ECF No. 25-5 at 4.  On March 4, 2014, Ruffin's bankruptcy counsel filed amended schedules and an amended statement of financial affairs with the Bankruptcy Court, which included this suit.  *Id.*; ECF No. 25-3 at 3, 6, 10. Ruffin's meeting of creditors was not immediately scheduled because Friedman was considering whether to withdraw.  *Id.*  On April 21, 2014, Friedman withdrew, and Brian A. Goldman, Esq., was appointed successor trustee.  *Id.* at 4-5.  On April 22, 2014, Ruffin's meeting of creditors was scheduled for May 19, 2014.  *Id.* at 5.

---

[5] The Bankruptcy Court's Order was attached to Ruffin's February 26, 2014 motion for leave to file a surreply, which the Court granted.  ECF Nos. 21-2, 23.

On May 15, 2014, the Court granted Lockheed's motion to
dismiss for lack of jurisdiction. ECF Nos. 22, 23.  The Court
concluded that "because the discrimination charge is an asset of
her bankruptcy estate, only the Trustee has standing to assert
Ruffin's discrimination claims." ECF No. 22 at 16.  The Court
declined Ruffin's request that "the Court delay ruling on the
motion to dismiss until the trustee has had an opportunity to
intervene in this action." *Id*. at 16 n. 10.  The Court
explained that,

> [u]nder Federal Rule of Civil Procedure 17(a)(3),
> "[t]he court may not dismiss an action for failure to
> prosecute in the name of the real party in interest
> until, after an objection, a reasonable time has been
> allowed for the real party in interest to ratify,
> join, or be substituted into the action."  On November
> 7, 2013, the bankruptcy court reopened Ruffin's
> bankruptcy case and *ordered her to make the necessary
> amendments to her petition within 30 days*.  ECF No.
> 17-2.  Because more than five months have passed since
> Ruffin was ordered to make amendments--and the trustee
> has not moved to intervene or otherwise informed the
> Court if it will intervene--dismissal is appropriate.
> *See* Wright & Miller, Dismissal and Relation Back, 6A
> Fed. Prac. & Proc. Civ. § 1555 (3d ed.) ("What
> constitutes a reasonable time is a matter of judicial
> discretion and will depend upon the facts of each
> case.").

*Id*. (emphasis added).  However, it was Ruffin's *proposed order*--
not the Bankruptcy Court's actual order--that suggested the 30-
day deadline for filing amendments.  *See* ECF Nos. 17-2; 25-2 at
2; 25-5 at 3-4.  Further, the Bankruptcy Court reopened

proceedings on December 2, 2013, not November 7, 2013.  ECF No. 25-2 at 2.

On May 21, 2014, the successor trustee informed the Bankruptcy Court that the May 19, 2014 meeting of creditors had been held, and that the "trustee's disposition was 'pending'" the outcome of this motion for reconsideration.  *Id.* at 5-6.

On May 29, 2014, Ruffin moved for reconsideration of the Court's May 15, 2014 Order.  ECF No. 25.  On June 16, 2014, Lockheed opposed.  ECF No. 26.  On July 1, 2014, Ruffin replied. ECF No. 27.

On August 25, 2014, Goldman submitted a "Report of No Distribution" to the Bankruptcy Court, certifying that Ruffin's "estate . . . has been fully administered," and requested discharge.  ECF No. 28-1 at 2-3.  On August 26, 2014, Ruffin's bankruptcy proceeding was closed.  ECF No. 30 at 2.

II.  Analysis

A.  Standard of Review

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration.  *Auto Services Co. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008).[6]  A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment

---

[6] *But see* Local Rule 105.10 (D. Md. 2014) ("Except as otherwise provided in Fed. R. Civ. P. 50,52,59, or 60, any motion to reconsider issued by the Court shall be filed with the clerk not later than fourteen (14) days after entry of the order.").

or order under Rule 60.  *See* Fed. R. Civ. P. 59(e), 60.[7]  A

"judgment" is "a decree and any order from which an appeal

lies."  *Auto Servs*. *Co.*, 537 F.3d at 856 (*quoting* Fed. R. Civ.

P. 54(a)) (internal quotation marks omitted).  A motion to alter

or amend filed within 28 days of the judgment is analyzed under

Rule 59(e); if the motion is filed later, Rule 60(b) controls.

*See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*,

532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-

3 (4th Cir. 1992).  Because this Court's May 15, 2014 Order was

a judgment, and Ruffin filed her motion for reconsideration

within 28 days, Rule 59(e) governs.

Under Rule 59(e), a court may grant a motion to alter or

amend the judgment to: (1) accommodate an intervening change in

controlling law; (2) account for new evidence previously

unavailable; or (3) correct a clear error of law or prevent

manifest injustice.  *Gagliano v. Reliance Standard Life Ins*.

*Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008) (citation and

internal quotation marks omitted).[8]

---

[7] Generally, interlocutory orders are subject to modification
"prior to the entry of a final judgment adjudicating the claims
to which they pertain."  *Williams v. Cnty. of Westchester*, 171
F.3d 98, 102 (2d Cir. 1999); Fed. R. Civ. P. 54(b).

[8] Rule 59(e) may not be used to "relitigate old matters" or
"raise arguments" that could have been made before judgment was
entered.  *Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605, 2617 n.5
(2008) (citation and internal quotation marks omitted); *Hill v.
Braxton*, 277 F.3d 701, 708 (4th Cir. 2002).

B.   Ruffin's Motion

Ruffin asserts that the Court should reconsider its May 15, 2014 Order because it relied, in part, on the proposed order, and misstated the date the Bankruptcy Court entered its Order. ECF No. 25-5 at 6.   Because there was no requirement to file amendments within 30 days, Ruffin asserts that her March 4, 2014 bankruptcy petition amendments were timely filed; further, the amendments were filed three months--not five months--after her case was reopened.   *Id*. at 7.   Ruffin further asserts that the trustee's delay in moving to intervene resulted from Friedman's consideration of whether to withdraw.   *Id*.   Lockheed contends that the Court should deny Ruffin's motion because Ruffin has raised the same argument in support of reconsideration that she raised in her opposition to dismissal: "that the Court should continue to delay its decision until" the trustee intervenes. ECF No. 26 at 3.

There is no doubt that Ruffin initially lacked standing to bring this suit: in Chapter 7 cases, only the bankruptcy trustee--as representative of the bankruptcy estate--has standing to pursue causes of action that belong to the

---

Mere disagreement with the court's decision does not justify granting a Rule 59(e) motion.   *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).   Indeed, "[w]he[n] a motion does not raise new arguments, but merely urges the court to 'change its mind,' relief is not authorized."   *Medlock v. Rumsfeld*, 336 F. Supp. 2d 452, 470 (D. Md. 2002); *see Erskine v. Bd. of Educ.*, 207 F. Supp. 2d 407, 408 (D. Md. 2002).

bankruptcy estate, even when those causes of action were not disclosed to the bankruptcy court. *See Nat'l Am. Ins. Co. v. Ruppert Landscaping Co., Inc.*, 187 F.3d 439, 441 (4th Cir. 1999); *Harris v. hhgregg, Inc.*, 1:11CV813, 2013 WL 1331166, at *5 (M.D.N.C. Mar. 29, 2013). The issue is whether the Court erred in denying the trustee additional time to intervene.

Under Federal Rule of Civil Procedure 17(a)(3), "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." "What constitutes a reasonable time is a matter of judicial discretion and will depend upon the facts of each case." *See* Wright & Miller, Dismissal and Relation Back, 6A Fed. Prac. & Proc. Civ. § 1555 (3d ed.).

When the Court issued its May 15, 2014 Order, it was unaware that Friedman had delayed proceedings, withdrawn, and-- mere weeks before, on April 21, 2014--Goldman had been appointed successor trustee.[9] The delay in moving to intervene was not, therefore, unreasonable, and the Court should not have dismissed

---

[9] Ruffin's February 26, 2014 surreply motion--her last filing before the Court's ruling--stated she was "in the process correcting her bankruptcy petition" so that Friedman could decide whether to intervene, or abandon, the case. ECF No. 21-1 at 5.

Ruffin's suit.  *See Killmeyer v. Oglebay Norton Co.*, 817 F. Supp. 2d 681, 690 (W.D. Pa. 2011) (four-month delay between defendant's standing objection and trustee's motion to intervene was reasonable).[10]

On August 25, 2014, Goldman certified to the Bankruptcy Court that Ruffin's estate had been fully administered, and--on August 26, 2014--Ruffin's bankruptcy case was closed.  ECF Nos. 28-1 at 2-3; 30 at 2.  Goldman has abandoned this action; thus, Ruffin now has standing.  *See Marshall v. Honeywell Tech. Solutions, Inc.*, 675 F. Supp. 2d 22, 25 (D.D.C. 2009) (*citing* 11 U.S.C. § 554); *Jones v. Safeway, Inc.*, No. CIV.A. ELH-12-03547, 2014 WL 6871586, at *6 (D. Md. Dec. 3, 2014).  The inquiry does not end there.

Lockheed has renewed its alternative argument--that Ruffin's complaint should be dismissed on grounds on judicial estoppel.  ECF No. 29 at 2.[11]  Judicial estoppel "prevents a party from taking a position in a judicial proceeding that is

---

[10] *See also Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 308-09 (5th Cir. 2001) (abuse of discretion to dismiss discrimination claims when statute of limitations had expired, and impact on creditors was not considered). *Cf. Rousseau v. Diemer*, 24 F. Supp. 2d 137, 143-44 (D. Mass. 1998) (granting motion to substitute trustee when sixteen months had passed--without explanation--before trustee moved to intervene, when denial of motion would leave creditors without a remedy).

[11] Because the Court's May 15, 2014 Order dismissed Ruffin's suit for lack of standing, it declined to address Lockheed's judicial estoppel argument.  ECF No. 22 at 16 n.10.

inconsistent with a stance previously taken in court." *Zinkand v. Brown*, 478 F.3d 634, 638 (4th Cir. 2007); *In re Blair*, 319 B.R. 420, 439 (Bankr. D. Md. 2005).  A bankruptcy debtor must list his or her causes of action as personal property. *Calafiore v. Werner Ents., Inc.*, 418 F.Supp.2d 795, 797 (D. Md. 2006); *In re USinternetworking, Inc.*, 310 B.R. 274, 281 (Bankr. D. Md. 2004).  If the debtor does not list a claim, or does not amend the petition to include a subsequent claim, judicial estoppel could bar the debtor from bringing the claim in a later suit. *Calafiore*, 418 F.Supp.2d at 797; *In re Blair*, 319 B.R. 420.

Estoppel applies if (1) a party seeks to adopt an inconsistent factual[12] position from one taken in prior litigation; (2) the court accepted the prior position; and (3) the party "intentionally misled the court to gain unfair advantage." *Zinkand*, 478 F.3d at 638 (*quoting Tenneco Chems., Inc. v. William T. Burnett & Co.*, 691 F.2d 658, 665 (4th Cir. 1982)); *Dashiell v. Meeks*, 396 Md. 149, 171, 913 A.2d 10, 22 (2006).

The "bad faith" requirement of the third element is the "determinative factor." *See John S. Clark Co. v. Faggert & Frieden*, P. C., 65 F.3d 26, 28 (4th Cir. 1995).  Thus, estoppel will not apply if the inconsistent positions "resulted from

---

[12] The parties agree Ruffin's omission of her EEOC charge is factual. *See* ECF Nos. 8-1 at 8; 21-1 at 9.

13

inadvertence or mistake." *Calafiore*, 418 F.Supp.2d at 798
(*quoting King v. Herbert J. Thomas Mem'l Hosp.*, 159 F.3d 192,
196-97 (4th Cir.1998)).   Indeed, intent is the "'determinative
factor' in the application of judicial estoppel to a particular
case." *Id.* (*quoting Lowery v. Stovall*, 92 F.3d 219, 224 (4th
Cir. 1996)).

Lockheed contends that Ruffin intentionally failed to
disclose her EEOC charge to lower "the amount of assets which
could have been disbursed to creditors."  ECF No. 18 at 4.[13]
Ruffin contends that it was a mistake; she thought "the EEOC
investigation . . . had to be finished before anything could be
done with the courts."  ECF No. 17-1 at 6.

Inadvertence may be found when "the debtor either lacks
knowledge of the undisclosed claims or has no motive for their
concealment."  *In re Coastal Plains, Inc.*, 179 F.3d 197, 210
(5th Cir. 1999).  "If [an] undisclosed claim would have added
assets to the bankruptcy estate, . . . [the debtor] will usually
be deemed to have had a motive to conceal those claims."
*Calafiore*, 418 F. Supp. 2d at 798.

Because Ruffin filed her Chapter 7 bankruptcy petition when
the EEOC investigation was pending, and amended it to include

---

[13] Lockheed apparently contends that, by omitting the EEOC
charge, any damages obtained by Ruffin would *not* be disbursed to
creditors, but would be kept by Ruffin.  Thus, Ruffin "had a
motive to conceal the case."  ECF No. 18 at 4 (emphasis
omitted).

her discrimination claims, the Court cannot conclude that Ruffin acted in bad faith. *See John S. Clark Co.*, 65 F.3d at 29 ("[C]ourts must apply the [judicial estoppel] doctrine with caution. . . . The vice which judicial estoppel prevents is the cold manipulation of the courts to the detriment of the public interest."); *Smith-Anthony v. Buckingham Mortgage Corp.*, No. CIV. WDQ-09-0698, 2009 WL 2500445, at *3 (D. Md. Aug. 13, 2009) (denying motion to dismiss when Court was unable to determine intent). Thus, Lockheed's motion to dismiss on grounds of judicial estoppel will be denied. Accordingly, to prevent injustice, Ruffin's motion for reconsideration will granted, and the Court will vacate its May 15, 2014 Order dismissing her suit. *See Gagliano*, 547 F.3d at 241 n.8.

III. Conclusion

For the reasons stated above, Ruffin's motion for reconsideration will be granted.

_____
Date

_____
William D. Quarles, Jr.
United States District Judge