IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

LAKESHA RUFFIN,

    Plaintiff,

       v.                           CIVIL NO.: WDQ-13-2744

LOCKHEED MARTIN CORPORATION,

    Defendant.

\*   \*   \*   \*   \*   \*       \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Lakesha Ruffin sued Lockheed Martin Corporation ("Lockheed") in the Circuit Court for Howard County for employment discrimination. ECF No. 2. Lockheed removed to this Court. ECF No. 1. Pending are Lockheed's motion for judgment on the pleadings, ECF No. 36, and Ruffin's motion for leave to amend her complaint, ECF No. 44. No hearing is necessary. Local Rule 105.6 (D. Md. 2014). For the following reasons, Lockheed's motion will be granted; Ruffin's motion will be denied.

I.    Background[1]

In April 2008, Ruffin, an African-American female, began working at Lockheed as a Senior Systems Engineer.  *See* ECF No. 2 ¶¶ 5, 41.  While at Lockheed, Ruffin reported to Andrew Westdorp and Jill Andres, who are white.  *Id.* ¶ 9.

In September 2008, Ruffin had "a shouting match" with a coworker, Nandita Kanjurith.  *Id.* ¶ 13.  Kanjurith "jumped at Ruffin, . . . picked an argument, stood over Ruffin from behind and started a shouting match and physical movements of harm towards Ruffin."  *Id.*  Kanjurith told Ruffin "you are a loser," "[n]o one likes you here," "you are a waste of space," "[n]one of the coworkers like you, and "[g]et out of here."  *Id.*

---

[1] The facts are from the complaint, ECF No. 2, and Ruffin's charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC Charge"), ECF No. 36-2.  On a motion for judgment on the pleadings, as in a motion to dismiss, the well-pled allegations in the complaint are accepted as true. *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405 (4th Cir. 2002); *see also Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011).  "Motions to dismiss for failure to exhaust administrative remedies are governed by Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) *aff'd*, 85 F. App'x 960 (4th Cir. 2004)(*citing Onuoha v. Grafton School*, 182 F.Supp.2d 473, 481 (D. Md. 2002)). To determine whether the Court has subject matter jurisdiction, it "may look beyond the pleadings and the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue." *Id.* (internal quotation marks and citation omitted).  However, the Court "must presume that factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor."  *Id.*

Because of her behavior, Lockheed relocated Kanjurith to another office. *Id.* ¶ 14.

In October 2008, Steve McMahon, "Ruffin's Teamlead," complained to Andres about Ruffin's absences. *Id.* ¶ 15. As a result, on October 21, 2008, Ruffin was placed on a "Performance Improvement Plan (PIP)." *Id.* ¶¶ 10, 15. Her absences were caused by Ruffin's three hour commute (each way) from her home on the Eastern Shore. *Id.* ¶ 10. Ruffin was given 30 days to move closer to her work; she moved to Columbia, Maryland. *Id.* ¶ 11.[2]

During her 2008 annual performance review, Andres told Ruffin that she "sometimes comes across harshly to others," but did not substantiate this statement. *Id.* ¶ 19. Andres gave Ruffin an overall performance rating of "basic." *Id.* ¶ 18.[3]

After Ruffin was taken off the PIP, she complained that her co-workers were creating a "hostile work environment" and "sabotaging" her work. *Id.* ¶¶ 16, 51. In April 2009, she "reported receiving strange telephone calls at home." *Id.* ¶ 20. She believed that her co-workers were making the calls. *Id.* Ruffin's car was "keyed" in the Lockheed parking lot. *Id.* ¶¶ 17, 50.

_____

[2] After Ruffin moved, her attendance improved; in March 2009, she was taken off the PIP. ECF No. 2 ¶ 12.

[3] "Basic" is "one level above unsatisfactory but still within the satisfactory range." *Id.* ¶ 18.

During her 2009 annual performance review, Andres "rated Ruffin a successful contributor," but told her that she needed "to work on her people skills." *Id.* ¶ 22. In February 2010, Ruffin told Andres that her "workspace was tampered with" while she was in the restroom. *Id.* ¶ 20. Ruffin also claimed that Michael Buadoo, an African-American employee, had tampered with her thumb drive. *Id.* ¶ 26. Ruffin also made other accusations against co-workers around this time, but Andres "told her to try to address work related conflicts directly." *Id.* ¶ 23.[4]

On April 5, 2010, Ruffin initiated short-term disability leave until June 21, 2010. *Id.* ¶ 24. On July 13, 2010, Ruffin initiated a second short-term disability leave until September 27, 2010. *Id.* ¶ 27. When she was on leave, Andres "filed an internal complaint against Ruffin for disrupting the workplace with accusations against other co-workers." *Id.* ¶ 28.

In October 2010, Ruffin complained to the Ethics Department at Lockheed that Buadoo "exposed his chest and made inappropriate body movements towards her," but the Department "found no harassment." *Id.* ¶ 44.[5] Buadoo also told Ruffin that she looked "like a piece of candy." Id. ¶ 46. On October 4,

---

[4] At some time, Andres had denied Ruffin a pay raise "even though [her] work production was equal to others who were promoted." ECF No. 2 ¶ 52.

[5] Ruffin filed two ethics complaints against "co-workers filing grievances against her"; "neither was substantiated." *Id.* ¶ 29.

4

2010, Andres gave Ruffin an "Employee Performance Notification,"
which "addressed" Ruffin's complaint about another co-worker
attending a meeting that Ruffin believed she should not attend
and "Ruffin hanging up on a telephone call with a program
manager" when she was on leave.  *Id.* ¶ 30.  Ruffin "refused to
acknowledge the EPN."  *Id.* ¶ 31.  On October 21, 2010, she
requested "a reduced workload due to stress."  *Id.* ¶ 34.  On
November 2, 2010, she initiated another medical leave.  *Id.* ¶
35.

On November 12, 2010, Andres suspended Ruffin for two weeks
"for unprofessional tone, tardiness, missed . . . deadlines[,]
and disruptions to the work environment."  *Id.* ¶ 36.  During
Ruffin's suspension, a customer complained about her.  *Id.* ¶ 37.
On December 9, 2010, Andres terminated Ruffin's employment
because of "on-going performance issues, customer concerns, and
her accusations against other workers."  *Id.* ¶ 38.[6]

On July 6, 2011, Ruffin filed her EEOC Charge.  ECF No. 36-
2 at 4.  Ruffin alleged discrimination on the basis of race,
color, sex, and disability, and retaliation.  *Id.*  In connection
with her disability claim, Ruffin alleged that--in October 2010-

---

[6] Ruffin alleges that when she was terminated, she had been on
long-term disability leave "approved by Cigna."  *Id.* ¶¶ 39, 55.
However, her long-term disability leave had originally been
denied by Cigna, and then approved from February to June 2011.
*Id.* ¶ 39.  Ruffin later alleges that she had been terminated
while off work pursuant to "a doctor's note."  *Id.* ¶ 54.

-she had "submitted a request for reasonable accommodation (transfer)," which Andres denied.  *Id.* at 5.  In March 2013, Ruffin received a right to sue letter from the EEOC.  ECF No. 17-1 at 3.

On June 14, 2013, Ruffin sued Lockheed in the Circuit Court for Howard County, asserting claims of: (1) racial discrimination; (2) sexual harassment; (3) hostile work environment; and (4) violation of the Americans with Disabilities Act of 1990, as amended ("ADA").[7]  ECF No. 2.  On August 19, 2013, Lockheed was served with Ruffin's complaint.  ECF No. 10.  On September 17, 2013, Lockheed removed to this Court.  ECF No. 1.

On May 15, 2014, the Court, *inter alia*, granted Lockheed's motion to dismiss for lack of subject matter jurisdiction.  ECF

---

[7] 42 U.S.C. § 12101 *et seq*.  Ruffin did not specify the statutes under which she brings her other discrimination claims; however, her EEOC Charge states that she had been discriminated against in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.  ECF No. 36-2 at 5.

No. 23.[8]  On January 7, 2015, the Court granted Ruffin's motion

for reconsideration and reopened the case.  ECF No. 33.[9]

On February 2, 2015, Lockheed moved for judgment on the

pleadings.  ECF No. 36.  On February 3, 2015, a "Rule 12/56"

letter was mailed to Ruffin.  ECF No. 37.[10]  On February 9, 2015,

James Strouse, Esq., entered his appearance for Ruffin.  ECF No.

38.

On March 9, 2015, in lieu of opposing Lockheed's motion,

Ruffin moved for leave to amend her complaint.  ECF No. 44; *see*

---

[8] The Court reasoned that Ruffin lacked standing to pursue her
claims because she had filed for bankruptcy; because her
discrimination charge was an asset of her bankruptcy, only the
bankruptcy trustee had standing to pursue her claims.  ECF No.
22 at 15-16.  The Court had declined to delay ruling on the
motion until the trustee had an opportunity to intervene.  *Id.*
at 16 n.10.

[9] Relying on new information, the Court found that the trustee's
delay in moving to intervene had not been unreasonable.  ECF No.
32 at 11.  The Court further found that the trustee had
abandoned the action; thus, Ruffin had standing to pursue her
claims.  *Id.* at 12.

[10] The Rule 12/56 letter is sent to *pro se* parties to advise them
that a dispositive motion has been filed and failure to timely
respond may result in the entry of judgment against them or
dismissal of the case.  *See* ECF No. 37.

*also id*. ¶ 5.  On March 26, 2015, Lockheed opposed Ruffin's

motion.  ECF No. 49.[11]  Ruffin has not replied.[12]

## II.  Analysis

### A.   Legal Standards

#### 1.   Judgment on the Pleadings

The same standard of review applies to Rule 12(c) motions

for judgment on the pleadings and motions to dismiss for failure

to state a claim under Rule 12(b)(6).  *Burbach Broad. Co. of*

*Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405 (4th Cir. 2002).

Rule 12(b)(6) motions test the legal sufficiency of a complaint,

but do not "resolve contests surrounding the facts, the merits

of a claim, or the applicability of defenses."  *Presley v. City*

*of Charlottesville*, 464 F.3d 480, 483 (4th Cir.2006).

---

[11] Also on March 26, 2015, Lockheed filed a notice about its motion for judgment on the pleadings.  ECF No. 48.  Lockheed asserts that because Ruffin failed to respond to the arguments in the motion, the Court should treat them as conceded.  *Id*. at 1-2.  It is true that Ruffin has not opposed the arguments for dismissal, either in a response to the motion or in her motion for leave to amend.  *See* ECF No. 44.  However, because the motion can be resolved on the merits, the Court declines to treat Lockheed's arguments as conceded.  *See Knott v. Wedgwood*, No. CIV.A. DKC 13-2486, 2014 WL 1573548, at *3 (D. Md. Apr. 17, 2014) *reconsideration granted*, No. CIV.A. DKC 13-2486, 2014 WL 4660811 (D. Md. Sept. 11, 2014) (court has discretion to dismiss without addressing the merits when plaintiff fails to oppose a motion to dismiss; granting reconsideration and providing plaintiff 14 days to respond to the motion).

[12] Ruffin's reply was due on April 13, 2015; to date, she has not replied.  *See* Docket.

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

2.   Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) instructs that leave to amend should be freely given when justice requires. Leave should be denied only when amendment would unduly prejudice the opposing party, amount to futility, or reward the movant's bad faith.[13]  *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008); *Equal Rights Ctr. v. Niles Bolton Associates*, 602 F.3d 597, 603 (4th Cir. 2010).  An amendment is futile if it would fail to withstand a motion to dismiss.  *See Perkins v. United States,* 55 F.3d 910, 917 (4th Cir. 1995).

B.   Ruffin's Claims

1.   Race Discrimination (Count One)

Title VII provides that it "shall be an unlawful employment practice for an employer . . . to discharge any individual . . . because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a).  At trial, a plaintiff can prove her employer's discrimination through one of two methods.  *See Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 284 (4th Cir. 2004). First, she may use "any direct or indirect evidence relevant to and sufficiently probative of the issue," under "ordinary principles of proof."  *Burns v. AAF-McQuay, Inc.*, 96 F.3d 728,

---

[13] Lockheed does not assert that Ruffin seeks leave to amend in bad faith or that her amendment would prejudice them; it asserts that her amended complaint would be futile.  ECF No. 49 at 1-2.

731 (4th Cir. 1996) (internal quotation marks omitted). Absent direct evidence of discrimination, the Court applies the burdenshifting approach of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). Under that framework, the plaintiff must first establish a *prima facie* case of discrimination. *Merritt v. Old Dominion Freight Line, Inc.*, 601 F.3d 289, 294 (4th Cir. 2010).

To establish a *prima facie* case of employment disc-rimination, Ruffin must show that 1) she is a member of a protected class, 2) she suffered an adverse employment action, 3) at the time of the action, she was meeting her employer's legitimate expectations, and 4) she was treated differently from other similarly situated persons who were not members of the protected class. *Hill*, 354 F.3d at 285; *Pulley v. KPMG Consulting, Inc.*, 348 F. Supp. 2d 388, 394 (D. Md. 2004).

Lockheed argues that Ruffin has not plausibly alleged the third and fourth requirements of the *prima facie* case. ECF Nos. 36-1 at 6-7; 49 at 7. However, to survive a motion to dismiss in an employment discrimination suit, plaintiffs need not allege facts establishing a *prima facie* case under the burden-shifting framework stated in *McDonnell Douglas*. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11, 122 S. Ct. 992, 152 L.Ed.2d 1 (2002); *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). However,

11

plaintiffs must plead sufficient facts "to satisfy the elements of a cause of action created by [the applicable] statute." *McCleary-Evans*, 780 F.3d at 585 (to survive dismissal, plaintiff must plausibly allege that her employer "'fail[ed] or refus[ed] to hire' her 'because of [her] race'")(*quoting* 42 U.S.C. § 2000e-2(a)(1)(emphasis omitted)). Accordingly, Ruffin must plausibly allege that she was "discharge[d] . . . because of [her] race . . . ." 42 U.S.C. § 2000e-2(a)(1).

Here, Ruffin alleges that she was "terminated as a result of . . . harassment." ECF No. 2 ¶ 43. Though it is unclear, presumably Ruffin means that she had been terminated for the same reason underlying the alleged harassment--her race. However, Ruffin has failed to plausibly allege that Lockheed terminated her *because of* her race. Ruffin's only race-related allegations about Lockheed's *motivation* for firing her is that she "was the only African-American female in her group." *Id*. ¶ 41.[14] Ruffin further alleges that Lockheed fired her because of "performance issues, customer concerns, and her accusations against other workers," after previously being suspended for unprofessional tone, tardiness, missed . . . deadlines[,] and

---

[14] Ruffin further alleges that she had been "harassed . . . because of her race." ECF No. 2 ¶ 42. Because the allegation is a legal conclusion, the Court is not required to accept it as true. *See Iqbal*, 556 U.S. at 664, 129 S. Ct. at 1949; *see also infra* Section II.B.2 (analyzing Ruffin's racial harassment claim).

disruptions to the work environment." *Id.* ¶¶ 36, 38.  Ruffin's

allegation that she was the only African-American in her group

may be "*consistent* with discrimination, [but] it does not alone

support a reasonable inference that the decisionmakers were

motivated by bias." *McCleary-Evans*, 780 F.3d at 586.  Without

more, "[o]nly speculation can fill the gaps in her

complaint...." *Id.* at 585-86; *Peterson v. Northrop Grumman Sys.*

*Corp.*, No. CIV.A. WMN-13-3812, 2015 WL 132605, at *2 (D. Md.

Jan. 8, 2015) (conclusionary allegations of racial motivation

insufficient to defeat dismissal).  Unless Ruffin's proposed

amended complaint cures the deficiencies, count one will be

dismissed.

Ruffin proposes amending her complaint to allege that (1)

"white employees were not subject to discrimination," (2) "[h]er

previous performance evaluations were satisfactory" and her "PIP

related only to lateness" arising from her commute, and (3) her

argument with Kanjurith "was partly based on race."  ECF No. 44-

3 ¶¶ 44-46.

Conclusionary allegations that similar actions were not

taken against white employees are "insufficient" to state a

discrimination claim. *See Francis v. Giacomelli*, 588 F.3d 186,

195 (4th Cir. 2009) (affirming dismissal of racial

discrimination claim under 42 U.S.C. § 1981 when plaintiffs

alleged that white police officers had not been terminated or

physically removed from the office).  Similarly, Ruffin's bare
allegation that the argument with Kanjurith was because of
Ruffin's race fails to satisfy the *Iqbal/Twombly* pleading
requirements.  *See Fontell v. MCGEO UFCW Local 1994*, No. CIV.A
AW-09-2526, 2010 WL 3086498, at *8 (D. Md. Aug. 6, 2010) *aff'd*,
410 F. App'x 645 (4th Cir. 2011) (conclusionary statement about
animus insufficient to "show" that such animus existed).
Further, none of Kanjurith's alleged statements invoked Ruffin's
race, the argument occurred more than two years before Ruffin's
termination, and there is no indication that the argument had
any role in her termination or other actions taken by her
supervisors.  *See* ECF No. 44-3 ¶ 14.  That Ruffin previously had
satisfactory performance evaluations also fails to "nudge[ her]
claims of invidious discrimination across the line from
conceivable to plausible," *Iqbal*, 556 U.S. at 680, 129 S. Ct.
1937 (internal quotation marks omitted), in light of subsequent
alleged problems with her performance, *see* ECF No. 44-3 ¶¶ 28,
30, 36.  In sum, Ruffin has failed to plausibly allege that
Lockheed terminated her because of her race.  As to count one,
Lockheed's motion for judgment on the pleadings will be granted;
Ruffin's motion for leave to amend will be denied.

2.    Sexual Harassment and Hostile Work Environment
(Counts Two and Three)

To state a sexual harassment or race-based hostile work
environment claim, Ruffin must plausibly allege that: "(1) she
experienced unwelcome harassment; (2) the harassment was based
on her . . . [race or sex]; (3) the harassment was sufficiently
severe or pervasive to alter the conditions of employment and
create an abusive atmosphere; and (4) there is some basis for
imposing liability on the employer." *Buchhagen v. ICF Int'l,
Inc.*, 545 F. App'x 217, 219 (4th Cir. 2013) (*quoting Bass v.
E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003);
*Bonds v. Leavitt*, 629 F.3d 369, 386 (4th Cir. 2011).

To determine whether the conduct was severe or pervasive,
courts consider "the frequency of the discriminatory conduct;
its severity; whether it is physically threatening or
humiliating or a mere offensive utterance; and whether it
unreasonably interferes with the employee's work performance."
*Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88, 118 S. Ct.
2275, 141 L. Ed. 2d 662 (1998) (internal quotation marks and
citation omitted).  "A hostile environment exists '[w]hen the
workplace is permeated with discriminatory intimidation,
ridicule, and insult that is sufficiently severe or pervasive to
alter the conditions of the victim's employment and create an
abusive working environment.'"  *Boyer-Liberto v. Fontainebleau*

15

*Corp.*, 786 F.3d 264, 276-77 (4th Cir. 2015) (*quoting Harris v.*
*Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S. Ct. 367, 126
L.Ed.2d 295 (1993)).

The "severe or pervasive" element has "subjective and
objective components." *EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d
306, 315 (4th Cir. 2008) (*quoting Ocheltree v. Scollon Prods.,
Inc.*, 335 F.3d 325, 333 (4th Cir. 2003)(en banc)). Ruffin must
show that she "subjectively perceive[d] the environment to be
abusive," and that "a reasonable person in [her] position would
have found the environment objectively hostile or abusive." *Id.*
(internal quotation marks and citations omitted).

Lockheed argues that Ruffin has not plausibly alleged
harassment that was sufficiently severe or pervasive, imputable
to Lockheed, or racially motivated.  ECF Nos. 36-1 at 8-10; 49
at 8-11.

a.   Sexual Harassment

Ruffin's complaint alleges that Buadoo "exposed his chest
and made inappropriate body movements towards her," and told her
she looked "like a piece of candy."  ECF No. 2 ¶¶ 44, 46.[15]

---

[15] Ruffin further alleges that she complained to Lockheed's
Ethics Department about Buadoo's alleged exposure but it "found
no harassment." *Id.* ¶ 45.  She has sufficiently alleged a basis
upon which liability may be imposed on Lockheed.  Spicer v. Com.
of Va., Dep't of Corr., 66 F.3d 705, 710 (4th Cir. 1995)
("[E]mployer cannot be held liable for isolated remarks of its
employees unless the employer knew or should have known of the

Assuming that Ruffin has sufficiently alleged that she subjectively perceived the work environment to be harassing, she has failed to plausibly allege that "the environment [was] objectively hostile or abusive." *Sunbelt Rentals, Inc.*, 521 F.3d at 315. When--as here--isolated incidents of harassment are alleged, they may alter the conditions of employment only if they are "extremely serious." *Id.* (*quoting Faragher*, 524 at 788). The two instances of Buadoo's alleged conduct did not rise to that level. *See Boyer-Liberto*, 786 F.3d at 276-77; *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 271, 121 S. Ct. 1508, 149 L. Ed. 2d 509 (2001) ("[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment.")(internal quotation marks and citation omitted); *Hartsell v. Duplex Prod., Inc.*, 123 F.3d 766, 773 (4th Cir. 1997)(demeaning comments about women and their looks insufficiently severe or pervasive); *Harris v. Leopold*, No. CIV. CCB-12-0829, 2013 WL 1124972, at *4 (D. Md. Mar. 18, 2013) ("somewhat vague examples of rude and inappropriate behavior" were insufficiently severe or pervasive).[16]

---

harassment, and took no effectual action to correct the situation.")(internal quotation marks omitted).

[16] *See also Baskerville v. Culligan Int'l Co.*, 50 F.3d 428, 430 (7th Cir. 1995)("The concept of sexual harassment is designed to protect working women from the kind of male attentions that can

Turning to Ruffin's proposed amended complaint, she further alleges, *inter alia*, that Buadoo "made *sexually* inappropriate body movements towards her," his remarks and actions were based on her sex, and they were "severe."  ECF No. 44-3 ¶¶ 48-56 (emphasis added).  Ruffin's conclusionary allegations about the severity and cause of Buadoo's conduct will not prevent dismissal.  *See Iqbal*, 556 U.S. at 664, 129 S. Ct. at 1949; *see also Fontell*, 2010 WL 3086498, at *8.  Ruffin's vague allegation that Buadoo's movements had been "sexually inappropriate," without more, fails to demonstrate the "extreme serious[ness]" required for an isolated incident to be actionable.  *See Clark Cnty. Sch. Dist.*, 532 U.S. at 271.  As to count two, Lockheed's motion for judgment on the pleadings will be granted; Ruffin's motion for leave to amend will be denied.

b.   Racial Harassment

Ruffin's race-based hostile work environment claim also fails.  Ruffin's complaint alleges that she had been "targeted, harassed, and stalked," "[h]er car was 'keyed,'" her work had been "sabotage[d]," "erroneous complaints" and "disparaging remarks" had been made against her, and she had not been given a pay raise.  ECF No. ¶¶ 49-52.  However, Ruffin's complaint is devoid of factual allegations that the hostile work environment

---

make the workplace hellish for women . . . .It is not designed to purge the workplace of vulgarity.").

was *because of* her race (or membership in any other protected
class). *See Buchhagen*, 545 F. App'x at 219.   Ruffin's proposed
amended complaint alleges that the hostile work environment had
been "directly related to her race as she was the only black
female in the group."  ECF No. 44-3 ¶ 65.  However, Ruffin's
status as the only African-American in her group does not permit
a plausible inference that the unwelcome conduct described above
was *based on* her race.  *See Alexander v. U.S. Dep't of Veterans
Affairs*, No. CIV.A. DKC 10-3168, 2012 WL 78874, at *5 (D. Md.
Jan. 10, 2012) (without evidence of racial epithets, hostile
work environment claim will likely fail; "mere speculation as to
racial . . . animus will not suffice to prove that [plaintiff]
suffered unwelcome conduct due to race").  *Cf.   Boyer-Liberto*,
786 F.3d at 285 (plaintiff could have reasonably believed there
was a racially hostile work environment when repeatedly called a
racially derogatory name).  As to count three, Lockheed's motion
for judgment on the pleadings will be granted; Ruffin's motion
for leave to amend will be denied.

        3.   Disability Discrimination (Count Four)

    Lockheed contends that Ruffin failed to exhaust her
administrative remedies in connection with her ADA claim.   ECF
Nos. 36-1 at 5-6; 49 at 5-6.  The failure to exhaust
administrative remedies deprives the federal courts of subject
matter jurisdiction over an ADA claim.  *Snead v. Bd. of Educ. of*

                                19

*Prince George's Cnty.*, 815 F. Supp. 2d 889, 894 (D. Md. 2011).
ADA exhaustion requirements are identical to those under Title
VII. *Id.* A plaintiff exhausts her administrative remedies by
filing an EEOC charge and obtaining a "right-to-sue" letter;
failure to do so "deprives the federal courts of subject matter
jurisdiction over the claim." *Jones v. Calvert Group Limited*,
551 F.3d 297, 300-01 (4th Cir. 2009); *Davis v. N. Carolina Dep't
of Correction*, 48 F.3d 134, 140 (4th Cir. 1995).

Administrative exhaustion is "intended . . . to serve the
primary purposes of notice and conciliation." *Chacko v.
Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005). It gives
employers the "opportunity to voluntarily and independently
investigate and resolve the alleged discriminatory actions,"
thus preventing "later complaining of prejudice, since [the
employer] has known of the allegations from the very beginning,"
and "initiates agency-monitored settlement," which is how most
discrimination claims are resolved. *Id.* Accordingly, a
complaint filed in court may raise "claims stated in the initial
charge, those reasonably related to the original complaint, and
those developed by reasonable investigation of the original
complaint." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d
954, 963 (4th Cir. 1996) (age discrimination claim barred when
EEOC charge alleged sex discrimination).

Here, Ruffin's EEOC Charge raised an ADA claim for "failure to accommodate" in connection with her denied request for a transfer.  ECF No. 36-2 at 5.  Ruffin's complaint alleges an ADA violation for termination while on long-term disability leave. ECF No. 2 ¶ 53.  The Fourth Circuit has found exhaustion when the EEOC charge and the judicial complaint allege the same theory of discrimination, and the facts alleged in the charge-- though different from those in the complaint--"are nonetheless sufficient to afford adequate notice to the employer of the factual basis for the claim." *Coles v. Carilion Clinic*, 894 F. Supp. 2d 783, 790 (W.D. Va. 2012).  In Ruffin's case, however, Andres's denial of her requested transfer is not "reasonably related" to her decision--two months later--to terminate Ruffin's employment; though the actor may be the same, the timeframe and conduct differ.  *See Chacko*, 429 F.3d at 511-12; *Jones v. Republic Servs., Inc.*, No. AW-10-CV-1999, 2011 WL 6000761, at *3 (D. Md. Nov. 29, 2011) (discriminatory termination claim barred when EEOC charge alleged denial of an alternative work schedule).  *Cf. Sydnor v. Fairfax Cnty., Va.*, 681 F.3d 591, 594 (4th Cir. 2012) (administrative exhaustion found when the charge and complaint alleged disability discrimination but involved the denial of different types of accommodations); *Dennis v. Cnty. of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995) (racially discriminatory hiring, training, and

promotion claims barred when EEOC charge only alleged racially discriminatory discipline); *Chisholm v. U.S. Postal Serv.*, 665 F.2d 482, 491 (4th Cir. 1981) (administrative exhaustion found when the administrative charge and judicial complaint alleged that an employer "discriminated in promotions" but addressed different aspects of the "promotional system").

Perhaps trying to square her suit with *Sydnor*, Ruffin's proposed amended complaint alleges that she "asked for a reasonable accommodation in her EEOC [C]harge," and "[r]easonable accommodation includes a termination while on disability." ECF No. 44-3 ¶¶ 75-76. Ruffin's allegation is arguably unclear; moreover, she has not alleged that she asked for an accommodation in relation to her disability leave or termination. Ruffin had taken leave pursuant to a doctor's note; her disability leave was not approved until February 2011--two months after her termination. ECF No. 44-3 ¶¶ 39, 70. Accordingly, Ruffin's proposed amended complaint fails to cure the jurisdictional defects in the original complaint. As to count four, Lockheed's motion for judgment on the pleadings will be granted; Ruffin's motion for leave to amend will be denied.

III. Conclusion

For the reasons stated above, Lockheed's motion for judgment on the pleadings will be granted; Ruffin's motion for leave to amend will be denied.

_____8/24/15_____
Date

_____
William D. Quarles, Jr.
United States District Judge